IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30485
Summary Calendar
_____

GERALD CLARKE,

Plaintiff-Appellee,

versus

MICHAEL HEGMANN, ETC.; ET AL,

Defendants,

MICHAEL HEGMANN, Medical Authority at Hunt Correctional Center,
CALDWELL, a treating physician at Hunt; G. WALES, RN, a nursing
supervisor at Hunt; G. STAFFORD, RN, a nurse at Hunt; BARRINGER,
a nurse at Hunt; S.K. CORNELIUS, a nurse at Hunt; COOPER, a nurse
at Hunt; EASTER, a nurse at Hunt; MARY ROBICHAUX, RN, a nurse at
Hunt, STEPHEN WAGUESPACK, an employee of the Medical Department
at Hunt; EHRENSENG, a contract doctor at Hunt; DENISE HARRISON,
Director of Nursing at Hunt; M. HAMPTON, RN, a nurse at Hunt;
BARAI, a contract doctor at Hunt; BARBIN, a contract doctor at
Hunt; ELOISE PARQUET, Medical Administrator at Hunt,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CV-557-D
--------------------
January 15, 2003

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

The appellants, a prison administrative officer and medical

personnel at Hunt Correctional Center, are appealing the district

_____

    [1]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court's denial of their motion to dismiss appellee Gerald Clarke's 42 U.S.C. § 1983 complaint alleging that the defendants acted with deliberate indifference to his serious medical needs. The appellants argue that Clarke's complaint did not meet the heightened pleading requirement necessary to overcome their defense of qualified immunity because he did not plead specific facts showing how each of the individual defendants violated his constitutional rights by acting unreasonably in the context of the medical situation presented.

Clarke's allegations with respect to each defendant were sufficient to support a claim that each had actual knowledge of his deteriorating condition and that each consciously disregarded the risk of serious harm to his health by failing to follow orders or to take action to ensure that he received the necessary medical care. Viewing his allegations in the light most favorable to Clarke, he has sufficiently alleged facts showing the defendants acted with deliberate indifference to his constitutional right to medical treatment of his serious medical needs. See Lawson v. Dallas County, 286 F.3d 257, 262-63 (5th Cir. 2002). His allegation further showing that the defendants' conduct was not objectively reasonable under the clearly established law in effect at the time of the conduct in question. See Shipp v. McMahon, 234 F.3d 907, 911 (5th Cir. 2000), cert. denied, 532 U.S. 1052 (2001). Clarke has sufficiently pleaded facts to overcome the defense of qualified immunity at this stage of the proceeding. Id. at 910;

2

<u>Harris v. Hegmann</u>, 198 F.3d 153, 159-60 (5th Cir. 1999).  The district court did not err in denying the defendants' motion to dismiss.

AFFIRMED.